IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| D AND D EQUIPMENT AND SUPPLY COMPANY, an Oklahoma Corporation, d/b/a D & D EQUIPMENT AND SUPPLY CO., INC., | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-07-417-L |
| THOSE CERTAIN UNDERWRITERS AT LLOYD'S LONDON, Subscribing To Policy No. R0603660-015; and MIDWAY INSURANCE MANAGEMENT INTERNATIONAL, INC., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## O R D E R

Plaintiff D and D Equipment and Supply Company (plaintiff or "D&D")

brings this action against Those Certain Underwriters at Lloyd's London

("Underwriters") and Midway Insurance Management International, Inc.

("Midway").  Plaintiff alleges that Underwriters breached the terms of a liability

insurance contract with regard to certain property losses occurring in April and

May of 2006.  Complaint, ¶¶ 4-6.  Plaintiff also asserts that Underwriters

breached the duty of good faith and fair dealing owed by an insurer to its insured.

Complaint, ¶ 7.

The Complaint further alleges that Underwriters hired Midway to handle the adjustment of plaintiff's insurance claims.  Complaint, ¶ 9. Paragraph 10 of the Complaint alleges that Midway knew that Underwriters would rely on the services they performed in the adjustment of plaintiff's claim, and knew that plaintiff's insurance claim would be affected by those services.  Plaintiff alleges that Midway, as an independent adjuster, owed a duty to plaintiff to conduct a fair and reasonable investigation of the claim.  Complaint, ¶ 10.  Plaintiff asserts that Midway breached this duty in negligently adjusting plaintiff's insurance claim. Complaint, ¶ 11.

This matter is before the court on Midway's Special Appearance and Motion to Dismiss **[Doc. No. 11]**.  Plaintiff filed its objection to the motion and Midway filed a reply brief.  The court has carefully reviewed the Complaint as well as the submissions of the parties.  Based upon this review, the court determines that Midway's motion should be denied.

Midway argues that the court's exercise of personal jurisdiction over it would violate due process because its contacts with the State of Oklahoma are insufficient to justify the court's exercise of personal jurisdiction.  In support of this assertion, Midway has submitted the affidavit of Jeffery L. Washburn, President of Midway, which indicates the following: Midway is a Georgia corporation with its principal place of business in Georgia; Midway maintains no offices in the State of Oklahoma; Midway is not licensed to adjust claims in the State of Oklahoma;

Midway possesses no real estate, personalty or other property within the State of
Oklahoma; Midway has no officers or employees in the State of Oklahoma;
Midway pays no taxes to the State of Oklahoma; Midway has no bank accounts
or place of business in Oklahoma; and Midway does not file any Oklahoma
income tax or sales tax returns.  While the affidavit states that Midway had a
contract with Underwriters as a "third-party administrator" for plaintiff's claim, it
goes on to state that Midway did not "adjust" plaintiff's insurance claim.  *See*
Washburn Affidavit, Exhibit 1 to Midway's Special Appearance and Motion to
Dismiss.

 In response, plaintiff asserts that the statements in Midway's supporting
affidavit are directly refuted by the documentation generated in connection with
plaintiff's insurance claims.  Plaintiff points to evidence showing that Midway
handled the claim and that its activities establish that it had sufficient minimum
contacts with Oklahoma to subject it to this court's jurisdiction.  In its reply,
Midway generally argues that plaintiff's evidence does not establish that Midway
gathered its information regarding the claim in Oklahoma.

 The court has discretion to determine the procedure by which it will decide
a motion to dismiss for lack of personal jurisdiction.  Ten Mile Industrial Park v.
Western Plains Service Corp., 810 F.2d 1518, 1524 (10th Cir. 1987).  The plaintiff
carries the burden of showing the propriety of the court's exercise of personal
jurisdiction over a defendant.  Doe v. National Medical Servs., 974 F.2d 143, 145

(10th Cir. 1992).  If the question of personal jurisdiction is considered prior to trial on the basis of affidavits and other written materials, the plaintiff need only make a *prima facie* showing of personal jurisdiction.  <u>FDIC v. Oaklawn Apartments</u>, 959 F.2d 170, 174 (10th Cir. 1992).  In ascertaining the facts necessary to establish jurisdiction, the court must accept as true the allegations set forth in the complaint to the extent they are uncontroverted by defendant's affidavits.  <u>Behagen v. Amateur Basketball Ass'n of U.S.A.</u>, 744 F.2d 731, 733 (10th Cir.), *cert. denied*, 471 U.S. 1010 (1985).  The plaintiff has a duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading.  <u>Pytlik v. Professional Resources, Ltd.</u>, 887 F.2d 1371, 1376 (10th Cir. 1989).

As stated, where there is no evidentiary hearing and the motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material, the plaintiff need only make a *prima facie* showing that jurisdiction exists.  <u>Wenz v. Memery Crystal</u>, 55 F. 3d 1503, 1505 (10th Cir. 1995).  The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits.  <u>Id.</u>  If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and the plaintiff's *prima facie* showing is sufficient notwithstanding the contrary presentation by the moving party.  <u>Id.</u>  However, only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be

accepted as true.  <u>Id.</u>  Although plaintiff bears the burden of establishing personal

jurisdiction, in the preliminary stages of litigation this burden is light.  <u>Id.</u>

Specific jurisdiction arises out of a defendant's specific contacts with the

forum state.  <u>Rambo v. American Southern Ins. Co.</u>, 839 F.2d 1415, 1418 (10th

Cir. 1988).  A court has specific jurisdiction when "there is some act by which the

defendant purposely avails itself of the privileges of conducting activities within

the forum state, thus invoking the benefits and protections of its laws."  <u>Hanson v.</u>

<u>Denckla</u>, 357 U.S. 235, 253 (1958); <u>Trierweiler</u>, 90 F.3d at 1532.  "Purposeful

availment analysis turns upon whether the defendant's contacts are attributable

to his own actions or solely to the actions of the plaintiff . . . [and generally]

requires . . . affirmative conduct by the defendant which allows or promotes the

transaction of business within the forum state."  <u>Rambo</u>, 839 F.2d at 1420

(<u>quoting</u> <u>Decker Coal Co. v. Commonwealth Edison Co.</u>, 805 F.2d 834, 840 (9th

Cir. 1986)).

> This "purposeful availment" requirement ensures that a
> defendant will not be haled into a jurisdiction solely as a
> result of "random," "fortuitous," or "attenuated" contacts,
> or of the "unilateral activity of another party or a third
> person."  Jurisdiction is proper, however, where the
> contacts proximately result from actions by the
> defendant *himself* that create a "substantial connection"
> with the forum state.

<u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 475 (1985) (citations omitted)

(emphasis in original).

Regardless of whether the court has general or specific jurisdiction, the defendant's conduct and connection with the forum state must be such that it could reasonably anticipate being haled into court in that forum. *See* World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). This is because, in determining whether the court has personal jurisdiction over a defendant, the court must ensure that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Id. at 292. In this respect, the exercise of jurisdiction must be reasonable. Rambo, 839 F.2d at 1419 n.6.

While it is true that under Oklahoma law an non-insurer defendant such as an adjuster or investigator is not subject to an implied duty of good faith and fair dealing vis-a-vis the insured, it is the law in Oklahoma that independent insurance investigators owe a duty to the insured as well as to the insurer to conduct a fair and reasonable investigation of an insurance claim. Brown v. State Farm Fire and Casualty Company, 58 P.3d 217, 219, 223 (Okla. Civ. App. 2002).

Upon thorough consideration of the entire case file and the briefs and materials submitted, the court determines that plaintiff has met its light burden at this stage and has made a *prima facie* showing of specific jurisdiction over Midway. The court finds that the alleged actions of Midway, and the effect of these actions on plaintiff, an Oklahoma resident, demonstrate a substantial connection with the State of Oklahoma. It was apparent to Midway that plaintiff was a resident of Oklahoma. Midway clearly took steps to investigate plaintiff's

6

insurance claim and prepared at least one fairly detailed report for Underwriters. *See* Exhibit 3 to Plaintiff's Objection.  Although it is at this point not entirely clear to the court whether Midway adjusted, investigated, handled, or processed plaintiff's insurance claim, and whether these labels are of any significance, the court finds that it is reasonable to conclude that Midway was aware that plaintiff could be financially harmed if it performed its investigation of the insurance claim in a negligent manner or if its investigation of the claims caused Underwriters to improperly deny the claims.  *See* <u>Brown</u>, 58 P. 3d at 220.  The court finds that the exercise of specific jurisdiction over Midway would be not be unreasonable under the circumstances alleged.

At this preliminary stage of the litigation, the court concludes that plaintiff has met its light burden of establishing personal jurisdiction.  Therefore, Midway's Special Appearance and Motion to Dismiss **[Doc. No. 11]** should be and is hereby **DENIED.**

It is so ordered this 5th day of October, 2007.

_Tim Leonard_
_____
TIM LEONARD
United States District Judge

7